# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CARMEN JOHNSTON,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-320**        (Fam. Ct. Nicholas Cnty. Case No. FC-34-2024-D-73)

**DOWL JOHNSTON,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carmen Johnston ("Wife") appeals the Family Court of Nicholas County's July 1, 2025, final order regarding equitable distribution and spousal support. Respondent Dowl Johnston ("Husband") filed a summary response in support of the family court's decision.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married for fifty-five years and divorced by a bifurcated divorce order entered on November 8, 2024. The parties agreed to bifurcate issues of equitable distribution and spousal support. On March 17, 2025, the family court held a final hearing on those remaining issues.

By order entered July 1, 2025, the family court equitably distributed the parties' property and awarded Wife spousal support. The court discussed the evidence presented regarding the value of the parties' property, made specific findings pertaining to the value of each item of property at issue, and determined the equitable distribution of the parties' marital home, other real property, classic vehicles, personal vehicles, certificates of deposit, First Community Bank savings account, firearms, and cash. Specifically, the court found that the parties accumulated substantial real and personal property during the marriage, and identified marital property including a marital home valued at $170,000, $365,646.50 from the recent sale of real property located in Craigsville, West Virginia, classic vehicles valued at $100,000, personal vehicles valued at $125,000, certificates of

---

[1] Wife is represented by Anthony M. Salvatore, Esq. Husband is represented by Anthony W. Selbe, Esq.

deposit valued at $374,870, $18,500 in a savings account, and $4,000 in cash. Regarding spousal support, the family court found the following:

- The parties were married for fifty-five years.
- Both parties contributed to the marital estate in what can be termed an equally substantial manner.
- Both parties are past retirement age and have disabilities precluding employment.
- Wife's monthly income is $867 from Social Security.
- Husband's monthly income is $4,137 from Social Security, workers' compensation benefits, and his UMWA pension.
- While Wife listed that she needed $4,436 for monthly living expenses, including $2,500 for food and gasoline, the court found that the value for food and gasoline was unreasonable. The court instead found that $500 for food and $200 for gasoline per month was reasonable and would be attributed to her monthly living expenses.
- The parties' respective shares of equitable distribution was a factor indicating that Wife should contribute to her own support from her share of equitable distribution.
- The parties enjoyed an upper-middle-class income standard of living during the marriage.
- During the year 2000, a personal injury settlement was received by Wife in the amount of $2,500,000.
- There is no significant likelihood that either party can increase their earning capacity through education.
- Health care costs are a significant factor for both parties.
- The parties have been receiving $2,189.50 per month since prior to separation from the purchaser of a home at Craigsville, in Nicholas County, formerly owned by the parties under a real estate purchase contract. The remaining balance of the payments expected under the real estate purchase contract at the time of the final hearing total $365,646.50.
- Wife has a need for spousal support.[2]

_____

[2] The family court specifically found that "Respondent has need [sic] of spousal support[.]" Although Husband was the respondent below, considering the family court's other findings and lengthy analysis explaining why Husband was obligated and ordered to

2

Based on the family court's findings, the court ordered the following:

> [Husband] shall pay alimony to [Wife] in the total amount of $1,694.75 per month. $1,094.75 of the monthly alimony shall be paid by [Wife] continuing to receive the [Husband's] one half of any payments received under the real estate purchase contract on the home at Craigsville. The Court further ORDERS [Husband] to pay an additional amount of $600.00 per month to [Wife] as alimony for so long as the wife shall live and not remarry or reside in a de facto marital relationship. The failure of the purchaser of the Craigsville home to pay the payment due during any month to [Wife] shall not relieve [Husband] of the obligation to pay alimony.

It is from the July 1, 2025, final order that Wife now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Wife argues one assignment of error on appeal. She contends that the family court's order is insufficient as a matter of law because it contains conclusory statements on how assets were awarded to the parties without identifying the evidence or statutory factors considered. We disagree.

The Supreme Court of Appeals of West Virginia has said that a family court's "order must be sufficient to indicate the factual and legal basis for the [family court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). "[O]ur task as an appellate court is to determine whether the [family] court's reasons for its order are supported by the record." *Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999). Moreover,

---

pay Wife spousal support, we conclude that this specific finding was a clerical error that was intended to state "Petitioner" rather than "Respondent."

the family court is not required to make specific findings as to each spousal support factor per West Virginia Code § 48-6-301 and is only required to consider the applicable factors. *See Banker v. Banker*, 196 W. Va. 535, 549, 474 S.E.2d 465, 479 (1996) (citation omitted).

Here, the family court made specific findings pertaining to the parties' marital property and equitably divided the same. The order on appeal demonstrates that the family court identified and considered the evidence and the relevant spousal support factors, granted Wife spousal support, and explained its reasoning for ordering that Husband's spousal support obligation be partially satisfied by Wife continuing to receive Husband's share of the payments made to them pursuant to the real estate sales contract, plus Husband personally paying an additional sum each month out-of-pocket. Moreover, the family court explicitly ordered Husband responsible for the full spousal support obligation even if the purchasers failed to make their required payments. There is no question that the family court's order included specific findings of fact and conclusions of law and sufficiently explained court's rationale for its determinations. As such, we find no basis in law to warrant relief to Wife.

Accordingly, we affirm the family court's July 1, 2025, order.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4